IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD EDWARD COOL, | : | CIVIL ACTION NO. **3:CV-08-0460** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On March 12, 2008, Petitioner, Donald Edward Cool, an inmate at the State Correctional Institution at Graterford, Pennsylvania, filed what appeared to be a petition for writ of habeas corpus, seemingly pursuant to 28 U.S.C. § 2254.[1] Petitioner seemed to challenge his May 10, 2001 conviction for one count of involuntary deviate sexual intercourse in the Adams County Court of Common Pleas, No. CR-754-2000. (Doc. 2, Ex. E). Petitioner was sentenced to prison for four to ten years.

In order to determine if the Petitioner's habeas petition was timely filed under the

---

[1] Petitioner styled his action as a "Counterclaim in the Nature of a Collateral Attack Dismiss Cause/Action Vacate a Void Judgment Relief by Independent Action Under Authority of 28 U.S.C. 1357, 28 U.S.C. 1331, 28 U.S.C. 1651, Rule 60(b), C.F.R. 7211, C.F.R. 48, 15 U.S.C.A. 1692g, 15 U.S.C.A. 1692f, 15 U.S.C.A. 1962e, 15 U.S.C.A. 78 and F.R.C.P. Rule 8, 28 U.S.C. 1337, 28 U.S.C. 1343, F.R.C.P. Rule 13(a)," pursuant, in part, to 28 U.S.C. §§ 1357 and 1331. (Doc. 1). Petitioner also filed an "Affidavit in Support of Counterclaim" with Exhibits (A-E). (Doc. 2). Further, Petitioner attached a Memorandum of Law to his initial filing. (Doc. 1).

AEDPA[2] and if his instant claims were exhausted in the state courts, on March 14, 2008, the Court issued an Order directing Petitioner to file with the Court copies of all of his state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral appeals, along with the filing dates thereof. (Doc. 5).  On March 27, 2008, Petitioner filed a document entitled "Actual and Constructive Notice," which was non-responsive to the Court's Order.  Therefore, on April 16, 2008, the Court issued an Order directing Respondent to file a response to the Petition to address the exhaustion and statute of limitations issues and to submit with the response copies of all of Petitioner's state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral appeals, along with the filing dates thereof. (Doc. 7).  Respondents filed their Response to the Petition on April 29, 2008. (Doc. 8).  Petitioner filed a Traverse on May 9, 2008. (Doc. 9).  The Habeas Corpus Petition is presently ripe for disposition.

Respondents contend that Petitioner's Habeas Corpus Petition was not timely filed under the AEDPA's one-year statute of limitations and that he did not exhaust his claims in state court. (Doc. 8).

On June 26, 2008, Petitioner filed a Motion for Summary Judgment **(Doc. 10)** and a Brief in Support of the Motion, styled as an "Affidavit." (Doc. 11).  Petitioner's Summary

---

[2]The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard.  *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005);  *Day v. McDonough*, 126 S.Ct. 1675, 1683 (2006).  We thus are giving Petitioner Cool notice and an opportunity to be heard regarding whether his habeas petition is timely under the AEDPA.

Judgment Motion is the subject of this Report and Recommendation.

**II. Discussion.**

Petitioner's Rule 56 Motion is not appropriate in a § 2254 habeas petition. 28 U.S.C. § 2243. Briefing in this case closed when Petitioner filed his Traverse on May 9, 2008. (Doc. 9). Petitioner's Habeas Petition regarding its timeliness and the exhaustion issue has been fully briefed by the parties and is ripe for disposition. These issues will be decided based upon the documents filed by the parties, mainly the Petitioner's state court records.[3]

In his June 26, 2008 Summary Judgment Motion, Petitioner argues that his Affidavit regarding his so-called "Counterclaims" found at pp. 11-12 of his Habeas Petition (Doc. 1) has not been controverted by Respondents through submission of any witnesses or evidence, and thus, his averments must be accepted by the Court. Plaintiff contends that he thus is entitled to the granting of his Summary Judgment Motion.

As noted, the Court must first determine if the Petitioner's Habeas Petition was timely filed and if he exhausted his claims in state court prior to addressing the merits of his claims. Once these threshold issues are resolved by the Court, if this case is allowed to proceed, both parties will be given the opportunity to brief the merits of Petitioner's claims.

Based on the foregoing, it will be respectfully recommended that Petitioner's Summary Judgment Motion **(Doc. 10)** be dismissed.

---

[3] We shall address the merits of Petitioner's habeas petition by separate Report and Recommendation.

**III.  Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Summary Judgment Motion **(Doc. 10)** be dismissed.  We also recommend that Petitioner's habeas petition be remanded to the undersigned for further proceedings.

                                        _____
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: June 30, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD EDWARD COOL, | : | CIVIL ACTION NO. **3:CV-08-0460** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 30, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: June30, 2008**