### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD EDWARD COOL,** | : | No. 3:08cv460 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **DISTRICT ATTORNEY OF ADAMS COUNTY, and** | : | |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court are petitioner's objections (Doc. 13) to the report and recommendation (Doc. 12) of Magistrate Judge Thomas M. Blewitt, which proposes we deny petitioner's motion for summary judgment (Doc. 10). Having been briefed, the matter is ripe for disposition.

**Background**

Petitioner pled guilty to corrupting a minor child in the Ames County, Pennsylvania Court of Common pleas and was sentenced to four to ten years in prison on May 10, 2001. He filed the instant action (Doc. 1) on March 12, 2008. Titled "Counterclaim in the Nature of a Collateral Attack Dismiss Cause/Action Vacate a Void Judgment Relief by Independent Action Under Authority of 28 U.S.C.

1357, 28 U.S.C. 1331, 28 U.S.C. 1651, Rule 60(b), C.F.R. 7211, C.F.R. 48, 15 U.S.C.A. 1692g, 15 U.S.CA. 1692f, 15 U.S.C.A. 1692e, 15 U.S.C.A. 78 and F.R.C.P. Rule 8, 28 U.S.C. 1337, 28 U.S.C. 1343, F.R.C.P. 13(a)," the action apparently requests the court to determine whether petitioner lawfully owes a debt to any party as a result of his criminal conviction and, if no debt exists, whether petitioner should be released from prison. The filing discusses a number of allegedly fraudulent bond transfers, wherein the Commonwealth of Pennsylvania caused petitioner to be both a principal and a surety on three different bonds. Petitioner apparently contends that these actions exposed him to considerable financial liability and that such fraudulent actions should lead the court to vacate his criminal conviction.

The magistrate judge found this filing "largely incomprehensible," but treated the action as a petition for writ of habeas corpus because petitioner appeared to attack his criminal conviction and void his judgment and sentence. The magistrate judge therefore ordered (Doc. 5) the plaintiff to file documents that proved he had exhausted his state-law claims and that the instant action was filed in a timely fashion. When petitioner failed to provide these documents, the magistrate judge ordered the respondents to supplement their response with copies of the documents in question. (Doc. 7). After the respondents filed these documents and response to the petition, the petitioner filed a traverse. Shortly thereafter, petitioner on June 26, 2009 filed a motion for summary judgment and a brief in support thereof. (Docs. 10-11). His motion argued that defendants had not responded to or denied any of the

allegations made in his complaint or the affidavits filed in support thereof, meaning that he was entitled to judgment. It is the magistrate judge's denial of that motion that is the subject of the objections here.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The magistrate judge found that petitioner's motion for summary judgment should be denied. Such a motion, the magistrate judge found, was inappropriate in a Section 2254 habeas action. He recommended that the motion be denied. Petitioner objects, contending that the magistrate judge misconstrued his action as a petition for a writ of habeas corpus. He argues that his filings consistently state that he does not seek to challenge his conviction, though he also argues that he has been "unlawfully incarcerated since May 10, 2001." (Doc. 13 at ¶ 3.5). The court agrees with the magistrate judge. A motion for summary judgment is inappropriate in this case, since the magistrate judge treated the action as a petition for a writ of

3

habeas corpus and did not require any response to petitioner's specific allegations. Under the federal habeas corpus rules "[t]he respondent is not required to answer the petition unless the judge so orders." 28 U.S.C. § 2254 Rule 5(a) (foll.). Respondents have not failed to respond to any of the petitioner's allegations and summary judgment or default judgment would be inappropriate.

Since petitioner seeks a writ of habeas corpus, however, his case should be directed at the warden of the prison where he is being held, not at the Commonwealth of Pennsylvania or the District Attorney's Office that procured his conviction. See 28 U.S.C. § 2243 (establishing that "[t]he writ [of habeas corpus], or order to show cause shall be directed to the person having custody of the person detained."); Wales v. Whitney, 114 U.S. 564, 574 (1885) (finding that federal habeas statutes "contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."). Only the warden of the prison can provide petitioner the relief he seeks, and the warden should be the respondent to the petition.

Petitioner denies that his motion is a petition for a writ of habeas corpus. He points out that he did not file his case pursuant to the federal habeas corpus statute for state prisoners, 28 U.S.C. § 2254, and that it was never his intention to proceed in that fashion. Instead he has styled his case as a counterclaim against the defendants under various federal statutes. "Habeas corpus is the exclusive remedy

4

for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 482 (1994). Petitioner seeks an end to his confinement in this action, and would therefore appear to bring a habeas action.  These are grounds which may normally be raised only in a motion filed under 28 U.S.C. § 2254, and the court will characterize the filing as such.  Pursuant to Mason v. Myers, the *pro se* petitioner is advised that he can: (1) have the court recharacterize the motion as a § 2254 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (2) withdraw the motion and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996.[1]  Mason v. Myers, 208 F.3d 414, 418-19 (3d Cir. 2000).

Petitioner is therefore directed to complete the attached notice of election, wherein he may either have his case continue to proceed as a habeas petition or to have his case treated as a normal civil matter against the parties named in his original filing.  If petitioner chooses to proceed in the manner of a habeas proceeding he is directed to name the proper respondent.  If petitioner fails to return the notice of election, the court will consider the action as filed.  Petitioner is warned, however, that if he chooses to have his case considered as a civil action against the named defendants the magistrate judge will be required to provided his *in forma pauperis*

---

[1] We make no conclusion with regard to when the statute of limitation began to run or whether it has yet expired.

complaint a preliminary screening. The magistrate judge could recommend that the case be dismissed as frivolous and baseless. See 28 U.S.C. § 1915(d); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996) (courts are "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint."); <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (courts should "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless.").

**Conclusion**

The petitioner's objections to the magistrate judge's report and recommendations will be dismissed, the report and recommendation adopted and the petitioner's motion for summary judgment denied. The court will also direct the petitioner to complete and return a notice of election and to direct the petition at the warden of the prison where he is housed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD EDWARD COOL,** | : | No. 3:08cv460 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| **v.** | : | (Magistrate Judge Blewitt) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **DISTRICT ATTORNEY OF ADAMS COUNTY, and** | : | |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 22nd day of July 2008:

1) The petitioner's objections (Doc. 13) to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt are hereby **DISMISSED**;

2) The Report and Recommendation (Doc. 12) is hereby **ADOPTED**;

3) Petitioner's motion for summary judgment (Doc. 10) is hereby **DENIED**;

4) The petitioner is **ORDERED** to complete and return the attached notice of election to the court within fifteen (15) days of the date of this order. Failure to return the notice of election in a timely manner will result in the case being ruled upon as filed;

5) The petitioner is **ORDERED** to name the warden of the prison where he is housed as the respondent to his petition; and

6) The case is **REMANDED** to the magistrate judge for proceedings consistent with this opinion.

                                            **BY THE COURT:**

                                            **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **UNITED STATES DISTRICT COURT**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD EDWARD COOL,** | : | No. 3:08cv460 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **DISTRICT ATTORNEY OF ADAMS COUNTY, and** | : | |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## NOTICE OF ELECTION

\_\_\_\_\_   I choose to have the court recharacterize my motion as a motion under 28 U.S.C. 2254.  I understand that I may be forever barred from presenting in federal court any claim not presented in this petition.  I further understand that by doing so I lose my ability to file a second or successive petition absent certification by the court of appeals, and that the potential for relief is further limited in a second or successive petition.

9

_____       I choose to withdraw my petition so that I may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one year limit for filing such a petition.

YOUR ELECTION ON THIS FORM, AS WELL AS THE FAILURE TO MAKE AN ELECTION, WILL BE BINDING ON YOU WITH REGARD TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED.  READ CAREFULLY THE ORDER ACCOMPANYING THIS NOTICE OF ELECTION FORM.

I declare under penalty of perjury that the foregoing is true and correct.

Date _____.

(Signature of Petitioner)

10